Gail BECKER, Plaintiff,

v.

ULSTER COUNTY (New York); Thomas A. Costello; Wanda Prowisor; and Pat Vaselewski, Defendants.

No. 99–CV–1278 (DRH).

United States District Court,
N.D. New York.

Oct. 9, 2001.

 

Getman & Selcov, LLP, Attorney for Plaintiff, New Paltz, NY, Daniel Getman, of counsel.

Friedman, Hirschen, Miller & Campito, P.C., Attorney for Defendants, Schenectady, NY, Jeffrey N. Miller, Lynn M. Blake, of counsel.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Plaintiff Gail Becker ("Becker") brings this action alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* the First, Fifth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §§ 1983 and 1985; the New York State Human Rights Law, N.Y. Exec. Law § 296; and New York State Civil Service Law, N.Y. Civ. Serv. § 75–b. Specifically, Becker alleges that her supervisors failed to take appropriate steps to protect her after she was assaulted by a co-worker. *See* Third Am. Compl. (Docket No. 19) at ¶¶ 21–47. Becker further alleges that she was terminated in retaliation for complaints lodged against her supervisors. *Id.*

Presently pending is defendants' motion for summary judgment pursuant to Fed. R.Civ.P. 56(b). Docket Nos. 27 & 28. Becker opposes the motion. Docket Nos. 29 & 30. For the reasons which follow, the motion is denied in its entirety.

## I. Background

For purposes of this motion, the facts are viewed in the light most favorable to Becker as the non-movant. *See* section II(A) *infra.*

On October 26, 1998, Becker began work with the Ulster County Golden Hill Health Care Center ("Golden Hill") as a probationary certified nurse's assistant. Docket No. 27, Ex. E. On December 22, 1998 at approximately 9:45 p.m., Becker was sexually assaulted by her co-worker, Bruce Broadhead ("Broadhead"), in a resident's bathroom. Becker Dep. (Docket No. 27, Ex. 10) at 39, 46, 51–53. Broadhead pinned Becker against the wall, groped her breasts and thighs, attempted to force his hands down her pants, exposed himself and demanded sexual intercourse. *Id.* at 54–62.

Following the sexual assault, Becker complained to the charge nurse, Linda MacDonald. *Id.* at 65. Becker was not allowed to telephone the police. *Id.* at 64–65. Becker completed her shift, *id.* at 64, and when she arrived at home, she left a message for Deputy Sheriff Weaver. *Id.* at 68. On December 23, 1998, Deputy Weaver returned Becker's call and told her to file an incident report with Golden Hill. *Id.* at 69. Becker went to Golden Hill to file an incident report and reported the incident to defendant Patricia Vaselewski ("Vaselewski"), Deputy Director of Clinical Services. *Id.* at 76. That same day, Broadhead was suspended pending an investigation. *Id.* at 86. Becker requested time off from work, but Vaselewski required Becker to report for her scheduled afternoon shift. *Id.* at 104.

On December 31, 1998, Vaselewski informed Becker that unless criminal action was taken against Broadhead, he would not be terminated from his position. *Id.* at 75, 86. On January 1, 1999, Becker filed a criminal complaint with Deputy Weaver. *Id.* at 71–73. However, formal charges were not filed for several days. *Id.* at 76–77. On January 2, 1999, Becker requested

time off from work to obtain an order of protection against Broadhead. *Id.* at 74–75. Vaselewski refused Becker any time off. *Id.* at 80. Despite Vaselewski's refusal, Becker did not timely report to work in a failed attempt to obtain an order of protection. *Id.* at 81–82. On January 4, 1999, Becker submitted her resignation, believing Broadhead was to be reinstated. *Id.* at 92–93. On January 4, 1999, defendant Wanda Prowisor ("Prowisor") returned from vacation and terminated Broadhead's employment for interrupting Becker's work performance. Prowisor Dep. (Docket No. 27, Ex. J) at 11–12.

On January 8, 2000, Becker sent a letter to defendant Thomas Costello ("Costello"), Ulster County Personnel Officer, complaining about her supervisors' failure to take remedial action and Vaselewski's refusal to permit Becker time off to seek an order of protection. Docket No. 29, Ex. E. On January 12, 1999, Becker was ordered reinstated and was asked to meet with Prowisor to complete needed paperwork. *Id.* at Ex. G. During their meeting, Prowisor presented Becker with a written reprimand for failure to report to work on January 2, 1999. *Id.* at Ex. F. Prowisor also directed Becker to report for the 11:00 p.m. to 7:00 a.m. shift. *Id.* at Ex. G. Becker attempted to find a baby-sitter for that night but was unable to do so on such short notice. Becker Dep. at 101. Becker immediately told Prowisor that she would be unable to work. *Id.;* see also Docket No. 29 at Ex. U. Prowisor informed Becker that if she failed to report to work, she would be terminated. Docket No. 29 at Ex. V. Becker did not report to work and her employment was terminated on January 13, 1999. *Id.* at Ex. G. This action followed.

## II.  Discussion

### A.  Summary Judgment Standard

"Summary judgment ... is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hunt v. Cromartie,* 526 U.S. 541, 119 S.Ct. 1545, 1550, 143 L.Ed.2d 731 (1999) (citations omitted); *see also* Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Lee v. Sandberg,* 136 F.3d 94, 102 (2d Cir.1997). Once the movant has come forward with sufficient evidence in support of the motion for summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial" and cannot rest on "mere allegations of denials" of the facts asserted by the movant. Fed. R.Civ.P. 56(e); *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525–26 (2d Cir. 1994).

The trial court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Grain Traders, Inc. v. Citibank, N.A.,* 160 F.3d 97, 100 (2d Cir.1998); *see also Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985). "Furthermore, the non-movant 'will have his [or her] allegations taken as true, and will receive the benefit of the doubt when his [or her] assertions conflict with those of the movant.' " *Samuels v. Mockry,* 77 F.3d 34, 36 (2d Cir.1996) (citations omitted).

When summary judgment is sought in gender discrimination cases, the Second Circuit has directed courts to consider such motions with extra caution. *See generally Gallagher v. Delaney,* 139 F.3d 338, 342–43 (2d Cir.1998). This is due in large measure to concerns about the rapidity with which notions of what constitutes sexual harassment are evolving and the fact sensitive nature of that analysis as it relates to issues of intent and state of mind. *Id.; Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). When appropriate, however, summary judgment

"applies no less to Title VII cases than to commercial cases or other areas of litigation." *Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 62 (2d Cir.1998).

## B. Retaliation

■■■ Title VII retaliation claims are evaluated under the burden shifting rules established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). On a motion for summary judgment, this standard requires Becker first to establish a prima facie case of retaliation. Defendants then have the burden of presenting a legitimate, nondiscriminatory justification for the employment decision. If defendants satisfy that burden of production, Becker must produce sufficient proof from which a reasonable juror could conclude that defendants' proffered reason was a mere pretext for retaliation. *See Hicks,* 509 U.S. at 506–08, 113 S.Ct. 2742; *Burdine,* 450 U.S. at 252–55, 101 S.Ct. 1089; *McDonnell Douglas,* 411 U.S. at 802–05, 93 S.Ct. 1817.

■■■ To establish a prima facie case of retaliation, Becker must demonstrate that (1) she was engaged in protected activity of which defendants were aware, (2) she was subjected to an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse action. *See Richardson v. New York State Dep't of Correctional Serv.,* 180 F.3d 426, 443 (2d Cir.1999); *Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125, 134 (2d Cir.1999). Defendants do not move for summary judgment on the first two prongs. Thus, the only question is whether Becker has offered evidence of a causal connection between the protected activity and the adverse employment action. "A causal connection can be demonstrated in-directly by showing that the protected activity was followed closely in time by discriminatory treatment, ... or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." *Stephens v. State Univ. of N.Y. at Buffalo,* 11 F.Supp.2d 242, 250 (W.D.N.Y. 1998) (collecting cases).

■■■ Here, Becker first complained of the sexual assault on December 22, 1998. Becker Dep. at 39. On January 2, 1999, Vaselewski refused Becker time off from work to obtain an order of protection against Broadhead. *Id.* at 80. On January 8, 1999, Becker complained to Costello about her supervisors' failure to take remedial action, including Vaselewski's refusal to permit Becker time off from work to obtain an order of protection. Docket No. 29 at Ex. E. Following the complaint, Becker was ordered reinstated on January 12, 1999, but when she was unable to start work within seven hours of official reinstatement, Becker Decl. (Docket No. 29, Ex. B) at ¶ 3, her employment was terminated on January 13, 1999. Docket No. 29 at Ex. G. These events all occurred within a one month time period. Such a short interval of time is sufficient to demonstrate a causal connection with the protected activity. *See, e.g., Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 769 (2d Cir. 1998) (reversing grant of summary judgment where plaintiff was terminated less than two months after engaging in protected activity); *Romero v. Howard Johnson Plaza Hotel,* No. 97 Civ. 3706, 1999 WL 777915, at *7 (S.D.N.Y. Sept.29, 1999) (finding causal connection where plaintiff was reprimanded six weeks after engaging in protected activity); *Suggs v. Port Auth. of N.Y. & N.J.,* No. 97 Civ. 4026, 1999 WL 269905, at *6 (S.D.N.Y. May 4, 1999) (finding causal connection where plaintiff was terminated six months after engaging in protected activity).

■ Becker further contends that she can demonstrate direct evidence of retaliatory animus. On June 28, 2000, Becker's fiancé, a cook at Golden Hill, was provided a letter stating that due to Becker's lawsuit, she was no longer permitted inside Golden Hill and that if she entered the building, the Sheriff's Department will be called. Docket No. 29 at Ex. H. Defendants contend that Becker was banned from Golden Hill because "[h]er presence in the kitchen ... prompted public health concerns ... [and] any former employee of [ ] Golden Hill ... who is terminated ... is not permitted inside the building...." Cross Aff. (Docket No. 27, Ex. H) at ¶ 4. Becker, however, has proffered a letter sent to her fiancé which states that the reason Becker has been banned from Golden Hill is because of her lawsuit. Docket No. 29 at Ex. H. Such conflicting evidence can be resolved only by the trier of fact.

Since Becker has established a prima facie case of retaliation, defendants must proffer a legitimate, non-discriminatory reason for the employment actions. Defendants assert that Becker was terminated for excessive absenteeism and refusal to work on January 2 and 12, 2000. This suffices for defendants to meet their burden at the second step.

■ At the third and final step, however, Becker has offered evidence that it was only after Becker filed her complaints regarding Prowisor and Vaselewski's conduct that defendants decided to reprimand Becker about her absenteeism. *See* Prowisor Dep. (Docket No. 27, Ex. K) at p. 78. In fact, the record is devoid of any reprimands regarding Becker's absenteeism prior either to the sexual assault or Becker's complaint to Costello. Furthermore, there are questions whether defendants followed their own attendance policy for excessive absenteeism. *See* Docket No. 29 at Exs. N & O. For example, there is nothing in the record regarding whether Becker was verbally reprimanded after her first absence within three months. *See id.* at Ex. O ("If there is an absence in the first three months, you will be spoken to."). Viewing this record in a light most favorable to Becker, there is sufficient evidence from which a reasonable juror could conclude that defendants' proffered reason was a mere pretext for Becker's complaint of sexual assault and hostile work environment.

Accordingly, defendants' motion for summary judgment on claims of retaliation is denied.

## C. Hostile Work Environment

■ Under Title VII, a plaintiff may establish sex discrimination by demonstrating that the workplace environment was so sexually charged that it was abusive. *See Harris v. Forklift*, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Here, Becker alleges that Broadhead's assault and defendants' failure to take remedial action created a hostile work environment.

■ To establish a claim of hostile work environment, a plaintiff must establish "(1) that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Murray v. New York Univ. Coll. of Dentistry*, 57 F.3d 243, 249 (2d Cir.1995) (internal citations omitted); *see also Harris*, 510 U.S. at 21, 114 S.Ct. 367; *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65–67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir.1996).

■ Here, defendants' contend that Becker has failed to satisfy the first ele-

ment of a hostile work environment claim. Generally, a single, isolated instance of harassment is insufficient to establish the first element of a hostile work environment claim unless the alleged conduct was extraordinarily severe. *See Richardson,* 180 F.3d at 437. The Second Circuit has clearly established, however, "that 'even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment' under Title VII." *Id.* (quoting *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1305 (2d Cir.1995)). The evidence offered by Becker, if credited, establishes an incident sufficient by itself to support a finding that the conditions of her employment were irrevocably altered as a result and that those conditions became abusive. Thus, Becker's allegation that she was sexually assaulted by Broadhead establishes the first element of a hostile work environment claim.

▮ Defendants also contend that Becker fails to provide a sufficient basis for imputing liability to her employer.[1] Since Becker alleges that the harassing conduct was committed by a co-worker and not a supervisor, she must demonstrate that defendants "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Van Zant,* 80 F.3d at 715 (internal quotation marks omitted); *see also Richardson,* 180 F.3d at 441. The record demonstrates that Golden Hill had a procedure for filing sexual harassment complaints. *See* Docket No. 27 at Ex. G. In fact, Becker does not contend that Golden Hill lacked a suffi-

cient procedure for filing such complaints. Defendants also contend that their conduct was legally sufficient. Indeed, the alleged assault took place on December 22, 1998. Becker Dep. at 39. Broadhead was suspended on December 23, 1998, (*id.* at 86, and his employment was terminated on January 4, 1999. Prowisor Dep. at 11–12. Generally, such prompt action would insulate an employer from liability. *See, e.g., Van Zant,* 80 F.3d at 715 (plaintiff filed complaint that co-worker exposed himself, an investigation began within four days and the co-worker was terminated within ten days).

However, Becker alleges that on the night of the assault, defendants refused to call the police. Becker Dep. at 64 & 67. Furthermore, Vaselewski informed her that since Broadhead denied the allegations and that there were no criminal charges pending, there was insufficient justification to terminate Broadhead and Broadhead would be returning to his former position. *Id.* at 76, 86, 92–93. On January 2, 1999, Becker attempted to seek an order of protection against Broadhead. Vasalewski, however, refused Becker any time off to go to court. *Id.* at 80. Becker did not timely report to work in an effort to obtain an order of protection despite Vaselewski's refusal. *Id.* at 81–82. These allegations raise questions of facts and credibility whether defendants interfered with Becker's ability to pursue criminal charges against Broadhead and then used Becker's failure as justification for reinstating Broadhead. Therefore, it cannot

---

1. Defendants did not raise this contention until their reply. *See* Defs. Reply Mem. of Law (Docket No. 31)at Point II. Becker, however, has filed a sur-reply addressing this new contention and, thus, is not prejudiced. Therefore, defendants' contention is addressed here. *See Bonnie & Comp. Fashions, Inc. v. Bankers Trust Comp.,* 945 F.Supp. 693, 708 (S.D.N.Y.1996); *Litton Indus. v. Lehman Bros.*

*Kuhn Loeb Inc.,* 767 F.Supp. 1220, 1235 (S.D.N.Y.1991) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion."), *rev'd on other grounds,* 967 F.2d 742 (2d Cir.1992).

be said as a matter of law that defendants took appropriate remedial action.

Accordingly, defendants' motion for summary judgment on this ground is denied.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment is **DENIED** in its entirety.

**IT IS SO ORDERED.**