

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Bacone v. Phila Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Bacone v. Phila Housing Auth" (2004). *2004 Decisions.* Paper 311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2392

———————

STANLEY BACONE;
JUDY BACONE, H/W

Appellants

v.

PHILADELPHIA HOUSING AUTHORITY;
TONY MILLER;
ANGELA ALLEN

———————

ON APPEAL FROM AN ORDER OF UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-CV-419)
District Court Judge: Thomas N. O'Neill, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2004

———————

Before: ALITO, AMBRO, and FISHER, <u>Circuit Judges</u>

———————

PER CURIAM:

We need not review the background of this case because this opinion is only for the benefit of the parties.  Plaintiff's arguments challenging the District Court's decisions are without merit.  We affirm on all counts.

First, considering all of the circumstances, Officer Bacone failed to raise a triable issue of material fact over whether the evidence of sexual harassment was pervasive enough to alter the terms of his employment.[1]  See Harris v. Forklife Sys., Inc., 510 U.S. 17, 21-22 (1993); Knabe v. Boury Corp., 114 F.3d 407, 410 (3d Cir. 1997).  The behavior at issue involved no more than four incidents during the span of two weeks, and though they were offensive, they are not pervasive enough rise to the level of a Title VII violation.  See, e.g., Adusumilli v. City of Chicago, 164 F.3d 353 (7th Cir. 1998).  In addition, Officer Allen was not in a position of power relative to Officer Bacone.  See Quantock v. Shared Marketing Services, Inc., 312 F.3d 899, 904 (7th Cir. 2002).

Even if the conduct at issue were sufficiently severe and pervasive, it ceased as soon as Officer Bacone filed a complaint with the Pennsylvania Housing Authority ("PHA").  A856, A859.  "[W]hen an employer's response stops the harassment, there can be no employer liability under Title VII."  Weston v. Pennsylvania, 251 F.3d 420, 427 (3d

---

[1]Nor is the conduct at issue severe enough to establish a hostile work environment per se.  Cf. Becker v. Ulster County, 167 F. Supp. 2d 549 (N.D.N.Y. 2001) (attempted rape considered per se harassment).

Cir. 2001); Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999).

Second, Officer Bacone failed to raise a genuine issue of material fact regarding the retaliation claim. See Weston, 251 F.3d at 430 (describing prima facie case). Sixteen months after the PHA learned of Officer Bacone's complaint and soon after he became Chief of Police, Chief Zappile began stringently enforcing the PHA's no-beard policy for patrol officers. A1020-21. There is no evidence that he did so because of Bacone's sexual harassment complaint,[2] and the record shows that at least three other officers were required to shave their beards to remain on patrol. A1024-25. Without more, these facts could not survive summary judgment on the causation issue. Cf. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 283-84 (3d. Cir 2000) (causation inferred from dismissal within one month of alleged incident, plus additional circumstances).

In any event, Officer Baccone's reassignments may not qualify as an "adverse employment action." See Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995). Based on objective factors like hours, pay, benefits, and seniority, the new positions were essentially the same as the patrol job. A970-74. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997) ("retaliatory conduct must be serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment").

---

[2]It appears that Chief Zappile did not learn of Bacone's complaint until after he reassigned him to operations. This alone would vitiate the retaliation claim. See Jones v. School Dist. of Phila., 198 F.3d 403, 415 (3d Cir. 1999); Krouse v. American Sterilizer Co., 126 F.3d 494, 505 (3d Cir. 1997).

3

Finally, the District Court did not abuse its discretion by issuing a protective order precluding Bacone from conducting discovery into the Ferber case. The events in question occurred roughly twenty years ago, and the fruits of the investigation would likely be prejudicial character evidence. See Fed. Rule Evid. 404(b) (2004). Evidence that Commander Rosenstein engaged in investigational improprieties in the past would lead a jury to the prohibited inference that his investigation of the Bacone allegations was also tainted. "This is the very evil that Rule 404(b) seeks to prevent." Becker v. ARCO Chem. Co., 207 F.3d 176, 192-93 (3d Cir. 2000) (quoting United States v. Morley, 199 F.3d 129, 134 (3d Cir. 1999)).

Bacone remained free to show that the PHA's investigation into his complaints was tainted by pointing to any circumstances surrounding that event. He was only barred from conducting a temporally and factually unconnected inquiry that could easily devolve into a confusing, time-wasting and misleading mini-trial. See Red. Rule Evid. 403 (2004). The District Judge's decision easily passes muster under the abuse of discretion standard. See Camiolo v. State Farm Fire and Casualty Co., 334 F.3d 345, 354 (3d Cir. 2003); Ferrero, U.S.A., Inc. v. Oak Trading, Inc., 952 F.2d 44, 48 (3d Cir. 1991). The District Court's summary judgment and evidentiary Orders are therefore AFFIRMED.

4